IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOSEPH EATMON, ) | | |
| Register No. 1078410, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4260-CV-C-SOW | |
| ) | | |
| DR. GARCIA, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff Joseph Eatmon has named Dr. Garcia and two John Doe cooks at the Jefferson City Correctional Center as defendants in this case where he seeks damages and injunctive relief. Plaintiff states Dr. Garcia deliberately prescribed three wrong medications for him, he is being denied appropriate medical care for his high cholesterol and the two cooks are attempting to assassinate him with the food they are serving.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). The court notes that plaintiff has subsequently made payments and submitted the full filing fee. His request for in forma pauperis status, however, will still be provisionally granted based upon the information in his inmate account statement.

Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny

leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, plaintiff asserts that he has high cholesterol and that Dr. Garcia inappropriately prescribed Metamucil, calcium antacid tablets, and antacid calcium supplement tablets instead of cholesterol lowering drugs. Plaintiff states these medications are for conditions other than high cholesterol, they caused him unpleasant side effects and made him fear for his life. Additionally, plaintiff claims that the two cooks sought to help the doctor assassinate him by serving him greasy and inappropriate foods when they knew he had high cholesterol.

In essence, plaintiff asserts defendants were deliberately indifferent to his serious medical needs. To succeed on his medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. *Id*. The standard for "deliberate indifference" includes an objective and a subjective component. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show that the medical deprivation was objectively sufficiently serious and that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991), *cert. denied*, 506 U.S. 836 (1992); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Courtney v. Adams*, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

Here, plaintiff alleges a difference of opinion between himself and his treating physician about what treatment is appropriate for his high cholesterol. While it is possible that plaintiff's cholesterol could be high enough to constitute a serious medical condition or to require treatment, plaintiff states his physician told him his "illness wasn't nothing," thus, implying that the condition was not at this time serious. (Doc. 1.)

Likewise, plaintiff has submitted a letter from Lisa Jones, Constituent Services Officer, regarding plaintiff's letter to the Governor complaining of the food being greasy and inappropriate for his dietary needs. Her letter states a Missouri statute requires that offenders be provided with wholesome food. She told plaintiff that the Department of Corrections provides a varied menu that is low in fat, salt and sugars to meet the needs of a diverse population. She stated inmates must make personal choices to ensure their personal health care needs are met, and he should speak to the medical staff about his dietary needs. Her letter indicates plaintiff has some choices about what he eats, has access to some supplementary food items if he chooses to purchase them, and that the overall diet being served is supposed to be low in fat, salt and sugar.

Plaintiff has not stated that a physician has prescribed a special diet for him or that he has not been provided adequate nutrition. Plaintiff's assertion that the two unknown cooks have conspired with the physician to assassinate him is fanciful and frivolous. It appears plaintiff is being served regular prison food and the cooks are being sued because they have not served him different food, which is less greasy. Absent some verifying documentation that plaintiff has a serious medical need for cholesterol-lowering medication and a special diet separate from that being served to the general inmate population, plaintiff's claims should be dismissed as frivolous.

This court is not insensitive to plaintiff's concern for a healthy diet and for appropriate medical care so that his cholesterol level can be treated and/or controlled. However, under the facts currently alleged in this case, the court cannot say plaintiff has alleged deliberate indifference to a serious medical need.

In light of the recommendation that plaintiff's complaint be dismissed, pursuant to 28 U.S.C. § 1915A, plaintiff's motion of September 12, 2005, for appointment of counsel is denied, without prejudice to refiling if this case should proceed further.

The court also notes that on September 6, 2005, plaintiff filed a motion for a temporary restraining order directing defendants to stop serving him greasy foods. At the time he filed his motion, he placed a grilled cheese sandwich between two sheets of paper and submitted it to the court as proof of the greasy food being served to him.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

After consideration of the factors set forth above, the court will recommend that plaintiff's request be denied. Plaintiff has, at this time, a poor probability that he will succeed on the merits.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as

4

recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. 1915, on the basis of indigence. It is further

ORDERED that plaintiff's motion of September 12, 2005, for appointment of counsel is denied, without prejudice [7]. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, as frivolous and for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motion of September 6, 2005, for a temporary restraining order be denied [5].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 5th day of October, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

5